UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA CAPOZIO,
o.b.o. B.C.., a Minor,

       Plaintiff,                                  Hon. Paul L. Maloney

v.                                                         Case No. 1:14 CV 133

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review the final decision of the Commissioner of Social Security that Plaintiff's daughter is not entitled to Supplemental Security Income under Title XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. The Commissioner has found that B.C. is not disabled within the meaning of the Act. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **reversed and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

**STANDARD OF REVIEW**

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making his decision, and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and the Commissioner's findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). The

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff's daughter, B.C., was born on September 30, 1994. (Tr. 115). On December 15, 2010, Plaintiff submitted an application for disability benefits, asserting that B.C. has been disabled since May 1, 2005, due to histoplasmosis, ADHD, asthma, learning disability, liver disease, polycystic ovary syndrome, and diabetes. (Tr. 115-19, 128). This application was denied, after which time Plaintiff requested a hearing before an Administrative Law Judge (ALJ). (Tr. 56-114). On August 23, 2012, ALJ Edward Studzinski conducted an administrative hearing at which B.C. testified. (Tr. 37-55). In a written decision dated September 19, 2012, the ALJ determined that B.C. was not disabled as defined by the Act. (Tr. 15-30). The Appeals Council declined to review this determination, rendering it the Commissioner's final decision in the matter. (Tr. 1-5). Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g).

**ANALYSIS OF THE ALJ'S DECISION**

Federal law provides that an "individual under the age of 18" will be considered disabled if she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations." 42 U.S.C. § 1382c(a)(3)(C)(i). To determine whether a child satisfies this standard, the Commissioner must evaluate the claim pursuant to a three-step sequential process. 20 C.F.R. § 416.924.

3

In the first step, if the ALJ determines that the child is engaged in substantial gainful activity she cannot be found to be disabled. 20 C.F.R. § 416.924(b); *Elam v. Commissioner of Social Security*, 348 F.3d 124, 125 (6th Cir. 2003). If the child is not engaged in substantial gainful activity the analysis proceeds to step two, at which point the ALJ must determine whether the child has a severe impairment or combination of impairments. 20 C.F.R. § 416.924(c); *Elam*, 348 F.3d at 125. If the ALJ determines that the child suffers from a severe impairment, or combination of impairments, the analysis proceeds to step three, at which point the ALJ must determine whether the impairment(s) "meet, medically equal, or functionally equal" one of the impairments identified in the Listing of Impairments. 20 C.F.R. § 416.924(d); *Elam*, 348 F.3d at 125.

After noting that B.C. was not engaged in substantial gainful activity, the ALJ proceeded to the second step of the analysis, finding that B.C. suffered from the following severe impairments: (1) obesity; (2) bipolar disorder; and (3) depressive disorder. (Tr. 18). At the third step of the analysis, the ALJ concluded that B.C.'s impairments do not, individually or in combination, meet or medically equal any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 19). The ALJ further determined that B.C.'s impairments do not functionally equal in severity any impairment identified in the Listing of Impairments. (Tr. 19-30).

To determine whether a child claimant suffers from an impairment which is the functional equivalent of a listed impairment, the ALJ must evaluate how the child functions in each of six domains of functioning described as "broad areas of functioning intended to capture all of what a child can or cannot do." 20 C.F.R. § 416.926a(a)-(b). To be considered disabled the child's

impairments must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). The six domains of functioning are:

    (i)  acquiring and using information,
    (ii)  attending and completing tasks,
    (iii)  interacting and relating with others,
    (iv)  moving about and manipulating objects,
    (v)  caring for yourself, and
    (vi)  health and physical well-being.

20 C.F.R. § 416.926a(b)(1).

The ALJ found that B.C. experienced marked limitation in the domain of health and physical well-being. (Tr. 29-30). The ALJ further determined that B.C. experienced no limitation in the domain of caring for yourself and less than marked limitation in the remaining domains. (Tr. 19-30). Accordingly, the ALJ determined that B.C. was not disabled as defined by the Social Security Act.

**I.   The ALJ's Assessment of Plaintiff's Functioning**

As noted above, to determine whether a child claimant suffers from an impairment which is the functional equivalent of a listed impairment, the ALJ must assess the child's functioning in the following domains of functioning: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. The regulations articulate "age group descriptors" which attempt to identify the skills and proficiencies which children should attain by certain ages. The ALJ assessed B.C.'s claim pursuant to two separate age groups: (a) school-age (age 6 to attainment of age 12) and (b) adolescence (age 12 to attainment of age 18).

To be considered disabled the child's impairments must result in "marked" limitations[1] in two domains of functioning or an "extreme" limitation[2] in one domain. 20 C.F.R. § 416.926a(a). The ALJ found that B.C. experienced marked limitation in the domain of health and physical well-being and lesser degrees of limitation in the remaining domains. Plaintiff argues that relief is appropriate because the ALJ's findings with respect to the following domains of functioning are not supported by substantial evidence: (1) caring for yourself; (2) attending and completing tasks; (3) interacting and relating with others; and (4) moving about and manipulating objects.

A.   Caring for Yourself

The domain of caring for yourself considers "how well you maintain a healthy emotional and physical state, including how well you get your physical and emotional wants and needs met in appropriate ways; how you cope with stress and changes in your environment; and whether you take care of your own health, possessions, and living area." 20 C.F.R. § 416.926a(k). Regarding this domain, the regulations provide as follows:

> (iv) School-age children (age 6 to attainment of age 12). You should be independent in most day-to-day activities (e.g., dressing yourself, bathing yourself), although you may still need to be reminded sometimes to do these routinely. You should begin to recognize that you are competent in doing some activities and that you have difficulty with others. You should be able to identify those circumstances when you feel good about yourself and when you feel bad. You should begin to develop understanding of what is right and

---

[1] A "marked" limitation is defined as one which "interferes seriously with your ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2). A claimant's "day-to-day functioning may be seriously limited when [her] impairment(s) limits only one activity or when the interactive and cumulative effects of [her] impairment(s) limit several activities." *Id.*

[2] An "extreme" limitation is defined as one which "interferes very seriously with your ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3).

> wrong, and what is acceptable and unacceptable behavior. You should begin to demonstrate consistent control over your behavior, and you should be able to avoid behaviors that are unsafe or otherwise not good for you. You should begin to imitate more of the behavior of adults you know.
>
> (v) Adolescents (age 12 to attainment of age 18). You should feel more independent from others and should be increasingly independent in all of your day-to-day activities. You may sometimes experience confusion in the way you feel about yourself. You should begin to notice significant changes in your body's development, and this can result in anxiety or worrying about yourself and your body. Sometimes these worries can make you feel angry or frustrated. You should begin to discover appropriate ways to express your feelings, both good and bad (e.g., keeping a diary to sort out angry feelings or listening to music to calm yourself down). You should begin to think seriously about your future plans, and what you will do when you finish school.

20 C.F.R. §§ 416.926a(k)(2)(iv)-(v).

The ALJ determined that B.C. "has no limitation in the ability to care for herself." (Tr. 29). In support of this conclusion, the ALJ stated as follows:

> The findings with regard to this domain are based upon an extensive review of the claimant's submitted statements, school records, medical records, and the testimony offered at hearing. Moreover, this finding is consistent with that of the State agency consultants (Exhibit 2A). The claimant was reported as able to take care of her personal hygiene, able to wash and put away her clothes, able to help around the house with simple chores, able to cook a meal for herself, and able to get to school o[n] time (Exhibit 15F). Upon State agency consultative examination it was reported that, as to the claimant's activities of daily living, the claimant "does everything for herself" (Exhibit 9F). Based upon the foregoing evidence, I find that the claimant has no limitation in this domain.

(Tr. 29).

The ALJ's decision in this regard suffers from two glaring errors. First, the ALJ has mischaracterized Exhibits 9F and 15F upon which his decision primarily rests. Second, the ALJ

7

completely disregarded evidence concerning B.C.'s emotional well-being, a relevant consideration in the context of this particular domain. *See* 20 C.F.R. § 416.926a(k) (the domain of caring for yourself considers "how well you maintain a healthy emotional and physical state").

The ALJ's reference to Exhibit 9F, while accurate, is nevertheless incomplete. Plaintiff did state to the examiner that B.C. "does everything for herself," but Plaintiff further noted that she has to often remind B.C. to take a shower. (Tr. 343). Plaintiff reported that she "can't get [B.C.] to clean her room. It's just atrocious. I can't even see the floor in there right now." (Tr. 343). Plaintiff also reported that B.C. was "home-bound from school" due to her various medical issues and has suffered from depression for "several years." (Tr. 340-41).

With respect to Exhibit 15F, the ALJ's reference thereto is again incomplete. While the examiner reported that there are several activities which B.C. can perform, it was further reported that B.C.'s abilities in these particular areas was more limited than the ALJ suggested. (Tr. 533). Moreover, the examiner noted that B.C. "struggle[s]" with studying and doing homework, only "sometimes" takes her prescribed medication, accepts criticism or correction "poorly," "struggles" to obey rules, and only "sometimes" asks for help when needed. (Tr. 534). The examiner also noted that with respect to "chores," B.C. can perform only "limited tasks." (Tr. 534). While a more complete examination of Exhibits 9F and 15F hardly establishes that B.C. is disabled, such certainly reveals that B.C. experiences some measure of limitation with respect to this domain of functioning. This conclusion is further supported by examining other evidence regarding B.C.'s emotional well-being.

Treatment notes dated June 4, 2012, indicate that B.C. is unable to attend school "because she has such terrible social anxiety." (Tr. 405). Treatment notes dated November 16,

2011, indicate that B.C. was struggling with depression and anxiety. (Tr. 418). It was further noted that B.C. had a history of cutting behaviors and last cut herself "about two weeks ago." (Tr. 418-19). Treatment notes dated October 26, 2011, indicate that Plaintiff was experiencing "a great problem with sleep/wake cycles." (Tr. 428). The Court recognizes that there exists evidence that B.C's emotional impairments have, at least intermittently, responded to medication. Nevertheless, there exists a great amount of evidence indicating that B.C. experiences some measure of limitation with respect to her ability to care for herself. Accordingly, the Court concludes that the ALJ's assessment with respect to this domain of functioning is not supported by substantial evidence.

### B. Attending and Completing Tasks

The domain of attending and completing tasks refers to "how well you are able to focus and maintain your attention, and how well you begin, carry through, and finish your activities, including the pace at which you perform activities and the ease with which you change them." 20 C.F.R. § 416.926a(h). With respect the skills a child should possess in this particular domain, the regulations provide as follows:

> (iv) School-age children (age 6 to attainment of age 12). When you are of school age, you should be able to focus your attention in a variety of situations in order to follow directions, remember and organize your school materials, and complete classroom and homework assignments. You should be able to concentrate on details and not make careless mistakes in your work (beyond what would be expected in other children your age who do not have impairments). You should be able to change your activities or routines without distracting yourself or others, and stay on task and in place when appropriate. You should be able to sustain your attention well enough to participate in group sports, read by yourself, and complete family chores. You should also be able to complete a transition task (e.g., be ready for the school bus, change clothes after gym, change classrooms) without extra reminders and accommodation.

> (v) Adolescents (age 12 to attainment of age 18). In your later years of school, you should be able to pay attention to increasingly longer presentations and discussions, maintain your concentration while reading textbooks, and independently plan and complete long-range academic projects. You should also be able to organize your materials and to plan your time in order to complete school tasks and assignments. In anticipation of entering the workplace, you should be able to maintain your attention on a task for extended periods of time, and not be unduly distracted by your peers or unduly distracting to them in a school or work setting.

20 C.F.R. §§ 416.926a(h)(2)(iv)-(v).

Examples of limitations with respect to this domain include: (1) You are easily startled, distracted, or overreactive to sounds, sights, movements, or touch; (2) You are slow to focus on, or fail to complete activities of interest to you, e.g., games or art projects; (3) You repeatedly become sidetracked from your activities or you frequently interrupt others; (4) You are easily frustrated and give up on tasks, including ones you are capable of completing; and (5) You require extra supervision to keep you engaged in an activity. 20 C.F.R. §§ 416.926a(h)(3)(i)-(v).

The ALJ concluded that B.C. experienced less than marked limitations in this particular domain. (Tr. 24-25). Specifically, the ALJ stated the following:

> The findings with regard to this domain are based upon an extensive review of the claimant's submitted statements, school records, medical records, and the testimony offered at hearing. Moreover, this finding is consistent with that of the State agency consultants (Exhibit 2A). The claimant's mother did not report problems with personal care activities such as, bathing, care for hair, shaving, feeding oneself, and use of the toilet (Exhibit 5E). Additionally, the claimant was reported as able to prepare simple meals and use a microwave, able to drive with a permit, able to shop for clothes by mail and computer, and able to count change (Id.). The claimant's mother reported that the mother assists the claimant with certain aspects of dressing and that she reminds the claimant as to personal hygiene and the taking of medications (Id.). Further, the claimant was reported as having difficulty with keeping herself busy and completing homework on time; nevertheless, she was reported as able to finish

10

> what she starts and able to work on art and craft projects (Id.). Moreover, upon State agency consultative examination it was reported that the claimant, as to her activities of daily living, "does everything for herself", and that she helps with dishes, and occasionally helps with laundry (Exhibit 9F). Additionally, during that same consultative examination, it was noted that the claimant exhibited appropriate attention and concentration. School records indicated that the claimant had difficulty completing assignments on schedule (Exhibit 16F). Nevertheless, she receives good grades and is progressing towards graduation. Based upon the foregoing evidence, I find that the claimant has less than marked limitation in this domain.

(Tr. 25).

Exhibit 5E, upon which the ALJ placed such great reliance, is a report completed by Plaintiff on April 28, 2011, regarding B.C.'s functioning. (Tr. 152-59). A review of this document reveals that B.C. is more limited than the ALJ's description would suggest. Plaintiff reported that B.C. experiences difficulty remembering things and staying focused. (Tr. 155). Plaintiff reported that B.C. is able to pay attention "sometimes not at all, at most 10 minutes." (Tr. 157). As discussed in the preceding section, the ALJ's reliance on Exhibit 9F is also misplaced.

Exhibit 16F consists of a September 12, 2012 Individualized Education Program Team (IEPT) Report regarding B.C.'s academic progress. (Tr. 536-43). While the ALJ acknowledged that B.C. "had difficulty completing assignments on schedule," this statement diminishes B.C.'s difficulty in this regard. School officials reported that B.C. was completing high school in a "year round, self-paced, virtual high school program." (Tr. 536). A "special education tutor" was assigned to assist B.C. at home to meet her educational goals. (Tr. 536). School officials reported that B.C. "kept the scheduled tutoring appointments a total of 63% of the time. . .earned 58% of the possible points for being prepared for her tutoring sessions, and earned 63% of the possible points for her work efforts for the tutoring sessions." (Tr. 536). School officials noted that

B.C. "did not meet her goal of working independently 80% of the expected time frame." (Tr. 541). Additional educational records further undermine the ALJ's assessment regarding this domain. (Tr. 365-94). In sum, the Court concludes that the ALJ's assessment with respect to this domain of functioning is not supported by substantial evidence.

        C.      Interacting and Relating to Others

The domain of interacting and relating to others considers "how well you initiate and sustain emotional connections with others, develop and use the language of your community, cooperate with others, comply with rules, respond to criticism, and respect and take care of the possessions of others." 20 C.F.R. § 416.926a(i). Regarding this domain, the regulations provide as follows:

> (iv) School-age children (age 6 to attainment of age 12). When you enter school, you should be able to develop more lasting friendships with children who are your age. You should begin to understand how to work in groups to create projects and solve problems. You should have an increasing ability to understand another's point of view and to tolerate differences. You should be well able to talk to people of all ages, to share ideas, tell stories, and to speak in a manner that both familiar and unfamiliar listeners readily understand.
>
> (v) Adolescents (age 12 to attainment of age 18). By the time you reach adolescence, you should be able to initiate and develop friendships with children who are your age and to relate appropriately to other children and adults, both individually and in groups. You should begin to be able to solve conflicts between yourself and peers or family members or adults outside your family. You should recognize that there are different social rules for you and your friends and for acquaintances or adults. You should be able to intelligibly express your feelings, ask for assistance in getting your needs met, seek information, describe events, and tell stories, in all kinds of environments (e.g., home, classroom, sports, extra-curricular activities, or part-time job), and with all types of people (e.g., parents, siblings, friends, classmates, teachers, employers, and strangers).

12

20 C.F.R. §§ 416.926a(i)(2)(iv)-(v).

The ALJ concluded that B.C. experienced less than marked limitations in this domain. (Tr. 25-26). As discussed above, B.C. suffers from social anxiety severe enough that she is unable to attend school in person, but must instead complete her education in isolation via computer. This, by itself, suggests a level of impairment inconsistent with the ALJ's conclusion. Accordingly, the Court concludes that the ALJ's assessment with respect to this domain of functioning is not supported by substantial evidence.

### D. Moving About and Manipulating Objects

This domain considers "how you move your body from one place to another and how you move and manipulate things. These are called gross and fine motor skills." 20 C.F.R. § 416.926a(j). With respect the skills a child should possess in this particular domain, the regulations provide as follows:

> (iv) School-age children (age 6 to attainment of age 12). As a school-age child, your developing gross motor skills should let you move at an efficient pace about your school, home, and neighborhood. Your increasing strength and coordination should expand your ability to enjoy a variety of physical activities, such as running and jumping, and throwing, kicking, catching and hitting balls in informal play or organized sports. Your developing fine motor skills should enable you to do things like use many kitchen and household tools independently, use scissors, and write.
>
> (v) Adolescents (age 12 to attainment of age 18). As an adolescent, you should be able to use your motor skills freely and easily to get about your school, the neighborhood, and the community. You should be able to participate in a full range of individual and group physical fitness activities. You should show mature skills in activities requiring eye-hand coordination, and should have the fine motor skills needed to write efficiently or type on a keyboard.

20 C.F.R. §§ 416.926a(j)(2)(iv)-(v).

The ALJ concluded that B.C. experienced less than marked limitations in this domain. (Tr. 27-28). This conclusion is supported by substantial evidence for the reasons articulated by the ALJ.

**II.      The ALJ's Assessment of Plaintiff's Opinions**

Plaintiff submitted two reports, both completed in April 2011, concerning B.C.'s functioning. (Tr. 135-42, 152-59). These are identified in the administrative record as Exhibits 3E and 5E. Plaintiff indicated in these reports that B.C. is more limited in her ability to function than the ALJ recognized. As noted above, the ALJ placed great reliance on certain aspects of these function reports. As also discussed above, however, the ALJ disregarded or afforded less weight to certain other portions of these function reports. It is clear, therefore, that the ALJ made a determination as to Plaintiff's credibility. The ALJ completely failed, however, to indicate the weight he afforded to Plaintiff's statements or explain his rationale for such.

While the ALJ is not required to specifically discuss every item of evidence, where the ALJ's decision turns upon his evaluation of a witness' credibility, he has an obligation to sufficiently explain the weight afforded the witness' statements and the rationale for such weight. *See, e.g., Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 643 (6th Cir., Aug. 6, 2013) ("[i]t is incumbent upon the ALJ to explain her credibility determinations in her decision such that it must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight") (quoting *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 248 (6th Cir. 2007)). The ALJ's

failure in this regard compels the conclusion that his decision is not supported by substantial evidence.

### III.    Remand is Appropriate

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, B.C. can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [her] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644.

The Court cannot conclude on the present record that B.C. is entitled to disability benefits. Plaintiff's credibility must be properly evaluated and there are certain evidentiary conflicts in the record which must be resolved, tasks which this Court is neither competent nor authorized to undertake in the first instance. Proof of Plaintiff's disability is not overwhelming and while there exists strong evidence that Plaintiff is disabled there also exists evidence to the contrary. The undersigned recommends, therefore, that the Commissioner's decision be reversed and this matter remanded for further factual findings.

## CONCLUSION

For the reasons articulated herein, the undersigned concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, it is recommended that the Commissioner's

decision be **reversed and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: March 26, 2015         /s/ Ellen S. Carmody
                             ELLEN S. CARMODY
                             United States Magistrate Judge