UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRIONNA CAPOZIO,                     ) | |
|     Plaintiff,              ) | |
|                                   ) | No. 1:14-cv-133 |
| -v-                                  ) | |
|                                   ) | HONORABLE PAUL L. MALONEY |
| COMMISSIONER OF SOCIAL SECURITY,     ) | |
|     Defendant.             ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND REVERSING AND REMANDING ACTION TO COMMISSIONER FOR FURTHER ACTION**

This matter concerns an appeal of a final decision of the Commissioner of Social Security to deny benefits. The magistrate judge issued a report recommending the decision be reversed and that matter be remanded, under sentence four of 42 U.S.C. § 405(g), for further factual findings. (ECF No. 15 R&R.) Defendant Commissioner filed an objection. (ECF No. 16.) Plaintiff filed a reply. (ECF No. 17.)

**I.**

After being served with a Report and Recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

**II.**

### A. Caption

The parties have submitted their briefs using different captions. Plaintiff identifies the claimant as Lisa Capozio, and uses initials to identify the minor claimant. (*See* ECF No. 12.) Defendant identifies the claimant as Brionna Capozio, and makes no mention of Lisa. (*See* ECF No. 13.) Consistent with the difference in the captions, in their briefs the parties either refer to the claimant as B.C. or Brionna, respectively.

The claimant is properly identified as Brionna Capozio, not Lisa Capozio. The complaint, in both the caption and the body, identifies the claimant as Brionna. (ECF No. 1.) Brionna filed an affidavit in support of her application to proceed in forma pauperis. (ECF No. 2.) In the affidavit, Brionna states that she is eighteen years old. (*Id.* ¶ 5 Page ID 13.)

### B. Objection 1

The Administrative Law Judge (ALJ) found that Brionna had no limitations in the "caring for yourself" domain. (ECF No. 7-2 Decision R. 28-29 Page ID 62-63.) The magistrate judge concluded that the ALJ mischaracterized two exhibits on which he relied in reaching that conclusion. The magistrate judge also concluded that the ALJ disregarded evidence indicating that Brionna had emotional issues, which were relevant to her ability to care for herself. (*Id.*)

Defendant objects. Defendant reasons that the ALJ's decision falls within a zone of reasonable conclusions because there is evidence in the record to support his conclusion. Defendant argues that although there may be evidence in the record supporting a different conclusion, the court should not overturn the ALJ's decision.

Defendant's objection is OVERRULED. The Court finds the magistrate judge's conclusions and

reasoning to be sound. The record contains contradictory evidence on Brionna's ability to care for herself. On this record, it is not clear that the ALJ considered the evidence that contradicted his conclusion. Without considering all the evidence, the ALJ's decision does not fall within a zone of reasonable conclusions. It is possible the ALJ simply overlooked the contradictory evidence. It is possible that the ALJ was aware of the evidence that contradicted his conclusion, but neglected to account for the evidence in explaining his decision. It is also possible that the ALJ was aware of the contradictory evidence, and decided to ignore it. While reaching a conclusion within the zone of choices would not be an error requiring remand, selectively acknowledging only the evidence favorable to one conclusion would be an error requiring remand. On this record, the Court cannot discern between the possibilities. Furthermore, the objection does not account for the second error identified by the magistrate judge, the ALJ neglected to account for Brionna's emotional issues, including social anxiety and depression.

The Court cannot consider Defendant's alternative argument, that the mistake was harmless because the limitation in a single domain would have to be extreme. The Court reviews only what the ALJ actually decided, not what the ALJ might have decided in the alternative. Furthermore, the ALJ found Brionna had marked limitations in the domain of health and physical well-being.

## C. Objection 2

The ALJ found Brionna had less than marked limitations in the "attending and completing tasks" domain. (Decision R. 24-25 Page ID 58-59.) Similar to the evaluation of the evidence and reasoning for the first domain category, the magistrate judge found that the ALJ had focused on the evidence supporting the conclusion, while minimizing the evidence that supported a different conclusion. The magistrate judge concluded that the ALJ's findings for this domain were not supported by substantial evidence.

Defendant objects. Defendant again argues that the ALJ's decision was supported by substantial evidence.

Defendant's objection is OVERRULED. The Court agrees with the magistrate judge that the ALJ's summaries of Brionna's activities, as reported by her mother, and her academic progress, were generous. Contrary to what the ALJ noted (Decision R. 25 Page ID 59), Brionna's mother did report problems with Brionna's personal care activities (ECF No. 7-6 R. 153 Page ID 191). The ALJ noted that Brionna was able to prepare a simple meal. Brionna's mother reported that about once a week Brionna would make a sandwich or use the microwave, but does not follow directions, is unsure of measurements, and burns food. The ALJ found that the less than marked finding was consistent with the conclusion of the State agency consultants. But the State agency consultants made no findings of fact for this domain. (ECF No. 7-3 R. 60-61 Page ID 95-96.) In the State agency's report, the evaluation for this domain states, in its entirety, "adhd." (*Id.* R. 62-63 Page ID 97-98.) Finally, the ALJ noted the statements in the record, one by Brionna's mother that Brionna "does everything for herself" and one from her treating physician that Brionna is able to finish what she starts. The record, however, contains a substantial evidence that those two statements are inaccurate, as pointed out in the R&R.

D. **Objection 3**

The ALJ concluded that Brionna had less than marked limitations in the "interacting and relating to others" domain. The magistrate judge concluded that the evidence in the record, Brionna's emotional issues, indicated a level of impairment that was inconsistent with the ALJ's conclusion. Specifically, Brionna had sufficient social anxiety that she was no longer attending school and was completing her course of studies at home.

4

Defendant objects. Defendant identifies evidence in the record to support the ALJ's findings and concludes that the presence of conflicting evidence does not establish an error.

Defendant's objection is OVERRULED. As explained by the ALJ, this domain considers how well a child interacts with others, including initiating and sustaining emotional connections, cooperating with others, following rules, and responding to criticism. (Decision R. 25 Page ID 59.) The evidence on which the ALJ relied to find that Brionna's limitation was less than marked is less than compelling. The ALJ notes Brionna does goes outside once or twice a week and can drive. But those activities do not bear on this particular domain as the evidence in the record does not show that Brionna does those activities with other people. According to Lisa Capozior, Brionna's interaction with others consists of time with a tutor, an hour or two online, and once or twice month meeting a single friend. (ECF No. 7-6 R. 135-42 Page ID 173-180; R. 152-59 Page ID 190-97.) Brionna self reported that she has a handful of friends and that she likes to hang out with them. (ECF No. 7-8 R. 343 Page ID 383.) Brionna's account and her mother's account are inconsistent, which the ALJ did not address. The State agency consultants noted that Brionna has acted out at school, but did not note that she no longer attends school. (ECF No. 7-3 R. 61 Page ID 96.)

## E. Objection 4

The ALJ took Lisa Capozio's statements into consideration, but noted that she was not an acceptable medical source. (Decision R. 22 Page ID 56.) The magistrate judge concluded the ALJ made determinations about Lisa's credibility by crediting some portions of Lisa's statement while discounting others. The magistrate judge found that the ALJ failed to indicate the weight afforded to Lisa's statements or explain the rationale for accepting some of her descriptions of Brionna's activities, but not others.

Defendant objects. Defendant argues, because Lisa is a third-party lay witness, the ALJ did not

5

need to make any formal credibility determination. Defendant argues the ALJ's discussion of Lisa's testimony was sufficient.

Defendant's objection is OVERRULED. Defendant cites no authority to support the assumption that the credibility of third party or lay witnesses need not be assessed by an ALJ. It is the ALJ's prerogative, not the court's, to assess the credibility of witnesses. *See Rogers v. CSS*, 486 F.3d 234, 247 (6th Cir. 2007) (citations omitted). As the fact finder, the ALJ's prerogative extends to all witnesses, not just the claimant and the experts. "Lay testimony as to a claimant's symptoms is credible evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (citation omitted); *see Kha Xiong ex rel. Pha Yang v. Astrue*, No. CIV S-07-0202 DAD, 2008 WL 4196823, at *11 (E.D. Cal. Sept. 10, 2008) (Drozd, M.J.) ("The testimony of lay witnesses, including family members, about their own observations regarding the claimant's impairments is appropriate and must be considered and discussed by the ALJ.") (citations omitted); *Price v. CSS*, No. CV 08-00155-S-REB, 2009 WL 48136, at *10 (D. Idaho Jan. 7, 2009) (Bush, M.J.) (holding that the ALJ failed to provide specific reasons for discounting lay testimony from family and neighbors regarding the claimant's functional limitations when the ALJ concluded that the medical evidence outweighed their opinions.) In one opinion, the magistrate judge remanded a matter to the Commissioner when the ALJ selectively cited portions of the function report prepared by the claimant's husband, while omitting the portions of the report where the husband reported significant limitations. *Nelson v. Astrue*, No. ED CV 08-00315-VBK, 2008 WL 5252225, at *3 (C.D. Cal. Dec. 12, 2008) (Kenton, M.J.).

**III.**

The Court has reviewed the ALJ's decision, the report and recommendation, and Defendant's objections. The Court finds the magistrate judge's report factually and legally sound and the recommendations persuasive. Although the ALJ's decision thoroughly and accurately outlines the relevant law, the Court agrees with the magistrate judge that the ALJ's descriptions of claimant's abilities are not supported by the evidence in the record. The Court does not conclude that Brionna is entitled to disability benefits. Consistent with the recommendations of the magistrate judge, this matter must be remanded for a proper evaluation.

For these reasons, the Report and Recommendation (ECF No. 15) is **ADOPTED** as the opinion of this Court. The ALJ's decision is **REVERSED and the matter is REMANDED for further factual findings under sentence four of 42 U.S.C. § 405(g).   IT IS SO ORDERED.**


Date:   April 24, 2015                                         /s/ Paul L. Maloney
                                                                                Paul L. Maloney
                                                                                Chief United States District Judge