UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA CAPOZIO,
o.b.o. B.C.., a Minor,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Hon. Paul L. Maloney

Case No. 1:14-CV-133

## **REPORT AND RECOMMENDATION**

This matter is before the Court on <u>Plaintiff's Motion for Attorneys Fees Pursuant to the Equal Access to Justice Act</u>. (Dkt. #20). Plaintiff's counsel seeks $10,374.52 in fees, as detailed in his application. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the motion be **granted in part and denied in part**.

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not simply entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Damron v. Commissioner of Social Security*, 104 F.3d 853, 855 (6th Cir. 1997).

The burden rests with the Commissioner to establish that his position was substantially justified, *see Secretary, United States Department of Labor v. Jackson County Hospital*, 2000 WL 658843 at *3 (6th Cir., May 10, 2000), defined as "justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). However, the fact that the Commissioner's decision is found to be supported by less than substantial evidence "does not mean that it was not substantially justified." *Bates v. Callahan*, 1997 WL 588831 at *1 (6th Cir., Sept. 22, 1997); *see also*, *Couch v. Sec'y of Health and Human Services*, 749 F.2d 359, 359 (6th Cir. 1984). Defendant has not asserted that the Commissioner's position in this matter was substantially justified.

On March 26, 2015, the undersigned recommended that the Commissioner's decision be reversed and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g). This recommendation was subsequently adopted by the Honorable Paul L. Maloney. Plaintiff's counsel now moves the Court for an award of attorney's fees and costs pursuant to the EAJA. In his application, counsel seeks an award of $10,374.52.[1] Specifically, counsel seeks to recover $9,677.52 in attorneys fees (51 hours multiplied by an hourly rate ranging from $186.63 to $189.78) and $697.00 in paralegal services (6.97 hours multiplied by an hourly rate of $100). Defendant objects to the number of hours for which counsel seeks compensation as well as the hourly rate upon which such request is based.

The number of hours counsel claims were expended in this matter is unreasonable. Counsel asserts that it required 39.85 hours to review the administrative transcript and prepare the initial

---

[1] Counsel requested $9,634.38 in his initial application and subsequently requested an additional $740.14 as compensation for preparation of his reply brief.

and reply brief. Included in this total is a claim for 1.9 hours (by three different individuals) to review the ALJ's decision. This is unreasonable. Also included in this total is a claim for 2.1 hours to research the standard of review and draft language regarding such. Counsel asserts that his practice consists "primarily of all levels of Social Security disability." (Dkt. #20 at PageID.735). Counsel further asserts that he has been representing Social Security disability claimants for more than 40 years. (Dkt. #20 at PageID.735). The Court notes that counsel's law firm regularly represents disability claimants in this Court. Given counsel's experience in this particular area of the law, the Court finds it unreasonable that it would require more than two hours to research and articulate the standard of review applicable in this matter. Moreover, the administrative record in this matter is not particularly lengthy or complex and this case did not present any unusual or novel issues. In sum, it could not reasonably have taken counsel more than 39 hours to prepare his initial and reply brief. In the Court's estimation, it should not have taken counsel more than 20 hours to perform these tasks.

Counsel also claims 6.1 hours to review the Report and Recommendation, respond to Defendant's objections thereto, and review Judge Maloney's subsequent Order adopting the Report and Recommendation. Specifically, counsel claims it required 4.3 hours to respond to Defendant's objections. Counsel's response was four pages in length and simply repeated the analysis articulated in the Report and Recommendation and arguments previously asserted. It is not reasonable to assert that it required 4.3 hours to produce this pleading. The Court finds that it should not have taken counsel more than 1.5 hours to perform the tasks in question. Finally, counsel claims 3.9 hours to prepare his reply to Defendant's response to the present motion. The Court finds that it should not have taken counsel more than 1.5 hours to perform this task. The Court does not take issue with the additional 1.15 hours counsel claims for other work performed.

Counsel requests that he be compensated at an hourly rate ranging from $186.63 to $189.78. The Court finds this amount excessive and instead finds more appropriate the increased hourly rate of $175. *See Johnson v. Commissioner of Social Security*, 2015 WL 5944186 at *1-3 (W.D. Mich., Oct. 13, 2015); *Martin v. Commissioner of Social Security*, 2015 WL 3513770 at *2 (W.D. Mich., June 4, 2015).

Counsel also claims 6.97 for paralegal tasks. The reasonable cost for legal assistant or paralegal services is recoverable under the EAJA. *See, e.g., Priestley v. Astrue*, 651 F.3d 410, 416 (4th Cir. 2011); *Richlin Security Service Co. v. Chertoff*, 553 U.S. 571, 581 (2008). However, such services are compensable only "to the extent they reflect tasks traditionally performed by an attorney and for which the attorney would customarily charge the client." *Mathis v. Commissioner of Social Security*, 2014 WL 4187368 at *2 (W.D. Mich., Aug. 21, 2014). Most of the paralegal tasks performed in this matter do not satisfy this standard. For example, counsel requests payment for such mundane tasks as: (1) noting that the undersigned was assigned to this case; (2) downloading various pleadings and decisions; and (3) communicating with other members of counsel's firm. Reviewing the relevant time logs, the Court concludes that 4.25 hours of compensable paralegal tasks were performed in this matter.

Counsel seeks payment for paralegal services in this matter at an hourly rate of $100. While such may be an appropriate amount in the Chicago area, such is greater than the hourly rate of $75 this Court has approved in previous matters. While not dispositive, the Court notes that this hourly rate is not inconsistent with that found to be reasonable by other courts. *See, e.g., Trim v. Astrue*, 2012 WL 1340671 at *2 n.1 (W.D.N.C., April 18, 2012) (finding that "a rate of $65.00 per hour is reasonable and in keeping with the prevailing market rates for paralegals in this District"); *Teeter v. Commissioner of Social Security*, 2013 WL 5279102 at *7 (N.D. Ohio, Sept. 18, 2013) (rejecting a request to compensate

paralegal services at a rate of $50 per hour). Accordingly, the Court concludes that an appropriate and reasonable hourly rate for the paralegal services rendered in this matter is $75.

In sum, the Court finds that counsel and his staff reasonably expended 28.4 hours in this matter (24.15 hours by attorneys and 4.25 hours by paralegals). *See, e.g., Flamboe v. Commissioner of Social Security*, 2013 WL 1914546 at *2 (W.D. Mich., May 8, 2013) (because the "vast majority of social security appeals. . .involve a largely settled area of law, require no discovery, and follow a precise briefing schedule. . .generally, an attorney will spend in a range of 15 to 30 hours on a case seeking judicial review of the Commissioner's final administrative decision denying claims [for] DIB and SSI benefits"). Accordingly, the undersigned recommends that EAJA fees be awarded in the amount of$4,545.00 (24.15 hours multiplied by $175 added to 4.25 hours multiplied by $75). However, in light of the Supreme Court's decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010), the undersigned further recommends that this amount be paid to Plaintiff not her attorney.

In *Astrue*, a Social Security claimant prevailed on her claim for benefits after which her attorney moved for an award of fees under the EAJA. *Id.* at 2524. The fee request was granted, but before the award was paid the United States discovered that the claimant "owed the Government a debt that predated the District Court's approval of the award." The United States, therefore, sought an administrative offset (expressly permitted by statute) against the fees award to satisfy part of the claimant's debt. *Id.* The claimant's attorney subsequently intervened in the matter opposing the Government's position. *Id.* at 2525. The district court found that counsel lacked standing to challenge the offset. The Eighth Circuit reversed, concluding that the fee award was payable to the claimant's attorney. The Supreme Court agreed to review the case to resolve a circuit split on the question. *Id.*

The Supreme Court, based on a straightforward interpretation of the relevant statutory text, concluded that the EAJA "awards the fees to the litigant, and thus subjects them to a federal administrative offset if the litigant has outstanding federal debts." *Id.* at 2525-27. The Court concluded that the "Government's history of paying EAJA awards directly to attorneys in certain cases does not compel a different conclusion." *Id.* at 2528. As the Court observed, the Government "most often paid EAJA fees directly to attorneys in cases in which the prevailing party had assigned its rights in the fees award to the attorney" and "has since continued the direct payment [to attorneys] only in cases where the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney." *Id.* at 2529.

Several courts have subsequently concluded that while *Astrue* makes clear that an award of EAJA fees is payable to the claimant (i.e., it is the claimant's property), nothing in the *Astrue* decision prevents or renders invalid an otherwise appropriate assignment of EAJA fees by a claimant to her attorney. *See, e.g., Cowart v. Commissioner of Social Security*, 795 F.Supp. 2d 667 (E.D. Mich., June 13, 2011). While the Court does not necessarily disagree with this particular conclusion, such does not justify payment of an EAJA award directly to counsel.

Counsel has included with his motion a copy of a document, titled "Declaration & Assignment of EAJA Fee," in which Plaintiff purports to assign payment of any EAJA fees to counsel. (Dkt. #20 at PageID.752). While the Court does not question the authenticity of this document, the fact remains that this Court has not been called upon to adjudicate or render a decision concerning Plaintiff's contractual obligations to her attorney. Awarding payment directly to Plaintiff's counsel would, in effect, constitute a determination regarding Plaintiff's contractual obligation to her attorney despite the fact that this particular issue is not properly before the Court. To so act could adversely impact the rights

of individuals and/or entities not presently before the Court. Simply stated, the Supreme Court has held that payment of EAJA fees must be made to the party, not her attorney, and the Court declines to disregard such clear and controlling direction.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion for Attorneys Fees Pursuant to the Equal Access to Justice Act</u>, (Dkt. #20), be **granted in part and denied in part**. Specifically, the undersigned recommends that Plaintiff be awarded four thousand, five hundred forty-five dollars and zero cents ($4,545.00) and that such be paid directly to Plaintiff.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: December 1, 2015

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge