UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Lisa Capozio, <br> o.b.o. B.C., a minor, <br>      Plaintiff, <br><br> -v- <br><br> Commissioner of Social Security, <br>      Defendant. | No. 1:14-cv-133 <br><br> Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter arises from an appeal of the final decision of the Commissioner of Social Security. The Court ultimately reversed the Commissioner's determination and remanded the matter under Sentence Four for further factual findings. Plaintiff subsequently filed the now pending motion for attorney fees under the Equal Access to Justice Act (EAJA). The magistrate judge issued a report recommending that fees be awarded in part. (ECF No. 25 R&R.) Plaintiff filed objections. (ECF No. 26.) The Commissioner filed a response. (ECF No. 27.)

Rule 72(a) allows a party to object to a ruling by a magistrate judge by filing objections in the district court where the case is assigned. Fed. R. Civ. P. 72(a). Under the Rule, the district court judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S.*

*Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992). The district court reviews the legal conclusions of a magistrate judge under the contrary to law standard. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992). The reviewing court must exercise independent judgment with respect to those legal conclusions and may overturn those conclusions which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Doe v. Aramark Ed. Res.*, 206 F.R.D. 459, 461 (M.D. Tenn. 2002) (quoting *Gandee*, 785 F.Supp. at 686).

1. 39.85 hours are unreasonable to review the transcript and prepare the initial and reply briefs. (R&R at 2-3 PageID.780-81.) The magistrate judge recommends approving fees for 20 hours. *See Glass v. Sec'y of Health and Human Servs.*, 822 F.2d 19, 20 (6th Cir. 1987).

Plaintiff objects. Plaintiff explains that the administrative record was lengthy (approximately 500 pages) and counsel did not represent the party at the administrative hearing. Plaintiff also explains why several attorneys expended time on the matter. Finally, Plaintiff insists that counsel's hours were reasonable under *Hayes v. Secretary of Health and Human Services*, 923 F.2d 418 (6th Cir. 1990).

Plaintiff's objection is OVERRULED. The Court notes that Plaintiff requests fees for time billed by at least three attorneys. Fairly summarized, Barry Schultz (1.6 hours) acted as a consultant, Daniel Dukich (39.6 hours) did most of the research and writing, and Frederick Daley (4.4 hours) acted as the lead attorney, reviewing all the relevant paperwork and coordinating tasks. The billing sheet shows some redundancy in tasks performed. For

example, all three attorneys reviewed the ALJ's decision, and billed time for that task. The magistrate judge noted examples of inefficiency and unreasonable time on tasks for experienced attorneys. One example, counsel spent 2.1 hours to research and draft the standard of review. Counsel has not identified any particularly novel or complex issues that arose in this disability case. An experienced attorney should be able to more efficiently identify the critical documents within the Administrative Record that were necessary for review. The magistrate judge recommended crediting hours on the low end of the scale of reasonableness, *see Glass*, 822 F.2d at 20, while Plaintiff requests credit for hours at the upper end of the scale for reasonableness, *see Hayes*, 923 F.2d at 420. *See Coates v.* Colvin, No. 12-cv-13900, 2014 WL 1389328 at *4 (E.D. Mich. Apr. 9, 2014) (noting that, within this circuit, 20-30 hours is the general range for time spent on social security appeals with 40 hours "representing the 'outer limits' of a reasonable amount of time[.]"). Plaintiff's reasoning is not persuasive. That an award of 40 hours may be reasonable under some circumstances is not a justification for an award of 40 hours in this case.

2.  4.3 hours are unreasonable to respond to objections. (R&R at 3 PageID.781.) The magistrate judge recommends approving fees for 1.5 hours. (*Id.*)

Plaintiff objects. Plaintiff reasons that the magistrate judge overlooked what must be reviewed before the response can be drafted, including reviewing the magistrate judge's report and recommendation on the merits of the claim and the Administrative Record.

Plaintiff's objection is OVERRULED. Counsel requests 6.1 hours for time reviewing the magistrate judge's merits review, the Commissioner's objections, and for time drafting the response. Again, all three attorneys were involved in preparing Plaintiff's response to the

Commissioner's objections to the magistrate judge's merits review, and all three billed time for that task. Of that time, the magistrate judge recommended reducing the 4.3 hours dedicated to drafting the response to only 1.5 hours. Plaintiff's four-page response to the Commissioner's objections dedicates most of the space to summarizing the relevant portions of the report and recommendations and the objections. Plaintiff concludes each section with a brief explanation of why the magistrate judge was correct. A reasonable amount of time for drafting the response to the objections is 1.5 hours.

 3. 3.9 hours are unreasonable to prepare the reply to the Commissioner's response to the motion for fees. (R&R at 3 PageID.781.) The magistrate judge recommends reducing the time to 1.5 hours. (*Id.*)

 Plaintiff states only that the magistrate judge acted arbitrarily and did not consider all the steps necessary for preparing the application for EAJA fees.

 Plaintiff's objection is OVERRULED. In the Court's experience, almost four hours of time to prepare the reply is unreasonable. The Court awards 1.5 hours in time for the reply brief in support of EAJA fees.

 4. The appropriate hourly rate is $175 per hour. (R&R at 4 PageID.782.) Plaintiff does not specifically object to this recommendation. (ECF No. 26 at 6 PageID.791.)

 5. 6.97 hours are unreasonable for paralegal tasks in this case. (R&R at 4 PageID.782.) The magistrate judge recommends 4.25 hours. (*Id.*)

 Plaintiff does not object. (ECF No. 26 at 4 PageID.789.)

 6. The appropriate hourly rate for paralegal work is $75 per hour. (R&R at 4 PageID.782.)

Plaintiff objects. Plaintiff insists that $100 per hour is a reasonable rate for paralegal work.

Plaintiff's objection is OVERRULED. In the Court's experience, $75 per hour for paralegal or law clerk work is a reasonable market rate for the Western District of Michigan. *See Finney v. CSS*, No. 1:15-cv-460, 2017 WL 946307, at *1 (W.D. Mich. Mar. 9, 2017) (Neff, J.).

7. EAJA fee awards are payable to the client, not the attorney. (R&R at 5 PageID.783.)

Plaintiff objects. Plaintiff argues that, where the client has no pre-existing debt to the Government, nothing prevents the Court from honoring an assignment of the fee, executed by the client to counsel.

Plaintiff's objection is OVERRULED. The magistrate judge correctly summarized the relevant law.

8. An additional 3 hours of attorney time preparing the objection to the magistrate judge's report and recommendation regarding EAJA fees. (ECF No. 26 at 6 n.2 PageID.791.)

Consistent with the conclusions above, the Court finds 3 hours to be unreasonable. In the Court's experience, 2 hours would be a reasonable amount of time to address the R&R. This firm represents social security clients with some frequency in this district. Counsel is familiar with the fee practices that are approved in this district.

For these reasons, the Court **ADOPTS** the R&R (ECF No. 25) as the opinion of this Court. In addition to $4,545.00 in fees recommended in the R&R, the Court adds another $350 for time spent on the objections to the fee award recommendation, for a total of $4,895.00 in fees.

**IT IS SO ORDERED.**

Date:  March 16, 2017                       /s/ Paul L. Maloney
                                            Paul L. Maloney
                                            United States District Judge